Upon the record before us and the authorities cited, we hold that the plaintiff has failed to overcome the presumption of correctness attaching to the collector's classification and find that the articles before us are properly dutiable as assessed. The protest is overruled and judgment will be rendered accordingly.

No. 52235.—Magnavox Co. et al. v. United States, protests 134915–K, etc. (New York).

Opinion by OLIVER, P. J. It was stipulated that the merchandise consists of record changer units similar in all material respects to those the subject of *Garrard Sales Corp.* v. *United States* (35 C. C. P. A. 39, C. A. D. 369). In accordance therewith the claim of the plaintiffs was sustained.

No. 52236.—Pilot Radio Corp. v. United States, protest 135394–K (New York).

Opinion by OLIVER, P. J. It was stipulated that the merchandise consists of record changer units similar in all material respects to those the subject of *Garrard Sales Corp.* v. *United States* (35 C. C. P. A. 39, C. A. D. 369). In accordance therewith the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, MARCH 25, 1948

No. 52237.—Wakem & McLaughlin, Inc. v. United States, protest 118092–K/428 (Chicago).

EKWALL, Judge: At the hearing of this case it was agreed that there was no dispute as to the facts. Counsel entered into the following stipulation:

It is agreed between counsel that the sixty barrels of liquor involved in this case were imported by Wakem & McLaughlin, Inc., from Cuba and arrived at New Orleans. The merchandise was forwarded from New Orleans to Chicago under I. T. entry No. 988 of August 17, 1943, and entered for warehouse at Chicago under Warehouse entry No. 285 of September 1, 1943. After the arrival of the merchandise at Chicago the Bureau of Internal Revenue there anlayzed the same and found that the liquor in question consisted of neutral spirits artificially colored and flavored with aromatics and could therefore not be bottled and labelled as whiskey, and for that reason the importer decided to export the merchandise, and thereupon filed Warehouse Withdrawal for Transportation and Exportation Entry No. 4 at Chicago for exportation from New Orleans. The merchandise was laden on the exporting vessels at New Orleans on January 31, 1944. The manifest of I. T. entry No. 988, which was filed upon the arrival of this shipment at New Orleans, indicated no damage or loss, and the report of the lading inspector showed that the goods agreed with the manifest and were in apparent good order. Upon the arrival of this shipment at Chicago it appeared from the gauger's return, verified by an affidavit by the importer, filed within fifteen days after completion of the gauging, that there had been a leakage of 137.46 proof gallons, as a result of the barrels being broken while in transit from New Orleans to Chicago. Of this quantity, 83.59 gallons constituted a loss of ten per cent or more of the total value of the contents of each of the barrels from which lost.

The sixty barrels in question were in continuous Government custody and control from the time of their arrival at New Orleans until their exportation from New Orleans on January 31, 1944. The merchandise was exported under customs supervision.